IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MUSA IKHARO,

      Petitioner,

v.

MIKE DEWINE,
ATTORNEY GENERAL,

      Respondent.

CASE NO. 2:12-CV-489
JUDGE GREGORY FROST
MAGISTRATE JUDGE ELIZABETH P. DEAVERS

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a former state prisoner, brings the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court for consideration of Petitioner's Motion for Leave to Proceed in forma Pauperis, Doc. 1. Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's request for the appointment of counsel, Doc. 2, is **DENIED.** His motion for an order directing the Clerk of the Franklin County Court of Common Pleas to provide him with copies of his trial records, Doc. 3, also is **DENIED**.

**FACTS and PROCEDURAL HISTORY**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant is a native of Nigeria who came to the United States in 1980 and whose immigration status was that of a lawful permanent resident. In 1994, appellant was indicted on four counts of rape, one count of felonious sexual penetration, and two counts of gross sexual imposition. On December 14, 1994, appellant agreed to enter pleas of guilty to one count of disseminating matters harmful to juveniles and one count of sexual imposition. The trial court accepted the pleas and sentenced appellant to two years of incarceration on each count to be served concurrently. As a result of his convictions, appellant ultimately became the subject of a Final Order of Removal from the United States.
>
> Appellant filed a direct appeal, asserting four assignments of error, including: (1) that his plea was not entered knowingly, voluntarily, and intelligently, based on the trial court's failure to inform him that the convictions could adversely affect his immigration status, as required by R.C. 2943.031, (2) that his right to speedy trial had been violated, and (3) that his right to effective assistance of counsel had been violated when the trial court allowed his trial counsel to withdraw from representation 19 days before the scheduled trial date. We overruled each of appellant's assignments of error and affirmed the trial court's judgment. *State v. Ikharo* (Sept. 10, 1996), 10th Dist. No. 95APA11–1511 (" *Ikharo I* ").
>
> In 2004, appellant filed a motion to withdraw his plea of guilty pursuant to Crim.R. 32.1. Appellant's arguments included that: (1) the trial court had failed to fully comply with the R.C. 2943.031 requirement of informing him that his plea could adversely affect his immigration status, and (2) his right to effective assistance of counsel had been violated by counsel's failure to raise a double jeopardy argument. We affirmed. *State v.. Ikharo,* 10th Dist. No. 05AP–167, 2005–Ohio–6616 (" *Ikharo II* ").
>
> In addressing appellant's argument regarding the trial court's failure to inform him of the effect of his convictions on his immigration status, we concluded that this issue had been raised and addressed on direct appeal, and had therefore become the law of the case. *Id.* at ¶ 9. We rejected appellant's claim of ineffective assistance of counsel because appellant had not properly raised the issue in the Crim.R. 32.1 motion filed with the trial court. *Id.* at ¶ 12.

> In September 2010, appellant filed a second motion seeking to withdraw his plea of guilty pursuant to Crim.R. 32.1. Appellant argued that his trial counsel had been ineffective by failing to specifically inform him of the consequences to his immigration status from his entering guilty pleas and by failing to bring to the court's attention a pending motion to dismiss the charges on speedy trial grounds. The trial court denied the motion, finding that the doctrine of *res judicata* barred appellant's second motion to withdraw his guilty pleas.

*State v. Ikharo,* No. 10AP-967, 2011 WL 2201193, at *1 (Ohio App. 10th Dist. June 6, 2011). On June 11, 2011, the appellate court affirmed the judgment of the trial court. Petitioner apparently did not file an appeal to the Ohio Supreme Court.

According to the petition, Petitioner now challenges his 1994 conviction in the Franklin County Court of Common Pleas made pursuant to the terms of his guilty plea.[1] On June 6, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He sets forth the following grounds for his Petition:

> 1. The trial court judgment is invalid where information and evidence that is material for petitioner to make intelligent, knowing and voluntary guilty plea decision was withheld from him; resulting to violation of his rights to Due Process and Equal protection guaranteed under the Fifth and Fourteenth Amendments to the U.S. Constitution; and Art. I, Section 10 of Ohio Constitution.
>
> 2. Petitioner suffered prejudice and abuse of discretion of trial court for failing to strictly adhere to Ohio Crim.R. 12, to conduct finding of fact[s] and hearing in purpose of determining whether or not pursuant to O.R.C. 2945.71-73, and R.C. 2962.30. (Art. IV and V of the 'Interstate Agreement on Detainers'), petitioner's right to speedy trial guaranteed under the Sixth Amendment, Due process and

---

[1] Petitioner indicates that he entered the plea under *North Carolina v. Alford*, 400 U.S. 25 (1970) ("Alford Plea").

3

        Equal Protection to the 5th and 14th Amendments to the U.S. Constitution; and Art. I, Section 10 of the Ohio Constitution was violated.

3. Petitioner was denied Effective Assistance of Counsel, Due Process and Equal Protection guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Art. I, Section 10 of the Ohio Constitution.

4. The Tenth Appellate District court of Ohio was divested of subject matter jurisdiction to review petitioner's claim of speedy trial violation that was passed on by trial court; thus, petitioner was prejudicially denied the Due process and Equal Protection to the 5th and 14th Amendments to the U.S. Constitution; and Art. I, Section 10 of the Ohio Constitution.

## STATUTE OF LIMITATIONS

Under the provisions of 28 U.S.C. § 2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitation period begins to run from the date the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). Petitioner was convicted in 1994. His conviction became final on October 25, 1996, forty five days after the Ohio Court of Appeals affirmed his conviction, when the time period expired to file a timely appeal to the Ohio Supreme Court.[2] He had one year from that date to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). He failed to do so. Further, he fails to allege any extraordinary circumstances beyond his control, that made it impossible to file a timely habeas corpus petition. *See Holland v. Florida*, 560 U.S. –, 130 S.Ct. 2549, 2563 (2010)(holding that a petitioner is entitled to equitable tolling only if he demonstrates diligence and that some extraordinary circumstance prevented timely filing). Petitioner's 2004 and 2010 post-convictions actions did not toll the running of the statute of limitations so as to render this action timely because both actions were filed long after the statute of limitations had already expired. "The tolling provision does not. . . revive the limitation period (*i.e*. restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003)(citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** for failure to file the petition within the one-year period of limitation created by 28 U.S.C. § 2244(d).

---

[2] Rule II, § 2(A)(1), Rules of Practice of the Supreme Court of Ohio provides that a notice of appeal to the Supreme Court of Ohio within "45 days from the entry of the judgment being appealed."

Petitioner's request for the appointment of counsel, Doc. 2, is **DENIED.** His motion for an order directing the Clerk of the Franklin County Court of Common Pleas to provide him with copies of his trial records, Doc. 3, also is **DENIED**.

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                         *s/ Elizabeth A. Preston Deavers*
                         **Elizabeth A. Preston Deavers**
                         **United States Magistrate Judge**

Date:  June 13, 2012