**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

MUSA IKHARO,

                         CASE NO. 2:12-CV-489
     Petitioner,        JUDGE GREGORY FROST
                         MAGISTRATE JUDGE ELIZABETH P. DEAVERS
     v.

MIKE DEWINE,
ATTORNEY GENERAL,

     Respondent.

**OPINION AND ORDER**

On June 13, 2012, the Magistrate Judge issued a *Report and Recommendation* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections (Doc. 8) are **SUSTAINED**. Petitioner's motion to hold this case in abeyance pending a decision from the Ohio Supreme Court (Doc. 9) is **DENIED**, as moot.

Respondent is **DIRECTED** to file a response to the Petition that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within twenty-one (21) days.

As discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner challenges his December 1994 convictions in the Franklin County Court of Common Pleas for disseminating matters harmful to juveniles and sexual imposition made pursuant to the terms of his negotiated plea agreement. The Ohio Tenth District Court of Appeals affirmed Petitioner's convictions and sentence in September 1996. Petitioner never filed an appeal to the Ohio Supreme Court. In 2004

and 2010, Petitioner filed motions for new trial in the state trial court. The trial court denied Petitioner's motions, and the appellate court affirmed those decisions. *See State v. Ikharo*, No. 10AP-967, 2011 WL 2201193 (Ohio App. 10th Dist. June 6, 2011). Petitioner never timely appealed those adverse rulings to the Ohio Supreme Court; however, his recent filings indicate that, on September 5, 2012, the Ohio Supreme Court denied Petitioner's motion for delayed appeal. *See Judicial Notice*, Doc. 11. On June 6, 2012, Petitioner filed the instant habeas corpus petition, alleging that his guilty plea was not knowing, intelligent or voluntary, he was denied his right to a speedy trial and effective assistance of counsel, and that the state courts lacked jurisdiction.

As discussed by the Magistrate Judge, absent application of one of the provisions of 28 U.S.C. § 2244(d )(1)(B), (C), or (D),[1] plainly, this action is time-barred. Petitioner objects to the

---

[1] 28 U.S.C. 2244(d) provides:

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other

recommendation of dismissal of this habeas corpus petition as untimely, however, indicating, *inter alia*, that he challenges his guilty plea under *Padilla v. Kentucky*, 559 U.S. –, 130 S.Ct. 1473 (2010), wherein the United States Supreme Court held that an attorney's failure to advise a criminal defendant of the immigration consequences of a guilty plea constitutes ineffective assistance of counsel. Petitioner argues that the statute of limitations therefore did not begin to run under 28 U.S.C. § 2244(d)(1)(C), until March 31, 2010, the date *Padilla* was decided. *See Objections*. Petitioner additionally contends he was unable to timely appeal the state appellate court's June 6, 2011, decision denying his motion for a new trial under *Padilla,* because he was taken into the custody of the Department of Homeland Security in October 2010, and was situated outside of the United States at the time. *See id.*

The United States Supreme Court has yet to determine whether *Padilla* is to be appled retroactively to cases on collateral review. If it does, *Paddilla* could impact Petitioner's claim and the date that the statute of limitation began to run. The Circuit Courts that have considered the issue are divided. *See United States v. Jabero,* No. 03-81060-2, 2012 WL 3109405 (E.D. Mich. July 31, 2012)(declining to address the issue)(citing *United States v. Amer,* 681 F.3d 211, 214 (5th Cir. 2012) (holding *Padilla* is not retroactive); *Chaidez v. United States,* 655 F.3d 684, 694 (7th Cir. 2011) (same); *United States v. Chang Hong,* 671 F.3d 1147, 1155 (10th Cir. 2011) (same); *United States v. Orocio,* 645 F.3d 630, 641 (3d Cir. 2011) (finding the holding of *Padilla* retroactive). The United States Supreme Court has granted *certiorari* on this issue. *Chaidez v. United States*, 655 F.3d 684

---

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

(7th Cir. 2011), *cert. granted*, – U.S. –, 132 S.Ct. 201 (April 30, 2012). If the Supreme Court concludes that *Padilla* applies retroactively, arguably the statute of limitations for Plaintiff's claims did not begin to run until March 31, 2010, the day it was decided. If so, this habeas corpus petition may be timely.[2]

Petitioner's objections (Doc. 8), therefore, in this respect are **SUSTAINED.** Because the Ohio Supreme Court has already denied his request, Petitioner's motion to hold this case in abeyance pending a decision from the Ohio Supreme Court (Doc. 9) is **DENIED** as moot.

Respondent is **DIRECTED** to file a response to the Petition that complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

   **/s/ Gregory L. Frost**
GREGORY L. FROST
United States District Judge

---

[2] Nothing in this Opinion and Order should be construed as a final determination on the merits of the issues before this Court.