IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MUSA IKHARO,

    Petitioner,

    v.

MIKE DEWINE, ATTORNEY GENERAL,

    Respondent.

CASE NO. 2:12-CV-489
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* and *Supplemental Motion to Dismiss*, Doc. Nos. 13, 16, be **GRANTED** and that this action be **DISMISSED.**

Petitioner challenges his December 1994 convictions in the Franklin County Court of Common Pleas on disseminating matters harmful to juveniles and sexual imposition. These convictions are the result of his negotiated plea agreement. Previously, the Court sustained Petitioner's objections to the Magistrate Judge's recommendation of dismissal of this action under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts as time-barred. Specifically, the Court found that, if *Padilla v. Kentucky*, 559 U.S. --, 130 S.Ct 1473 (2010) applied retroactively to Petitioner's challenge to his plea negotiations and guilty plea, this action could be timely. *See Padilla*, 130 S.Ct. 1473 (failure to advise a criminal defendant of the immigration consequences of his guilty plea constitutes ineffective assistance of counsel).

Since the Court issued its prior *Order,* the United States Supreme Court has held that *Padilla* is not to be retroactively applied to cases on collateral review. *Chaidez v. United States*, 133 S.Ct 1103 (2013). Thus, for the reasons the Undersigned has already discussed, this action plainly is barred by the one-year statute of limitations imposed under 28 U.S.C. § 2244(d), and must be dismissed on that basis. S*ee Report and Recommendation,* June 13, 2012, Doc. No. 6.

Moreover, the Respondent now has filed a *Motion to Dismiss* and *Supplemental Motion to Dismiss for Lack of Jurisdiction,* indicating that Petitioner was not in custody at the time he filed his habeas corpus petition. Respondent moves for dismissal of this action on this basis. Doc. Nos. 13, 16.

Petitioner opposes the Respondent's Motions. Doc. Nos. 14, 17. Petitioner acknowledges that he has been deported from the United States, is residing in Nigeria, and was no longer in custody at the time he filed the instant habeas corpus petition. *See Petitioner's Response in Opposition to Motion to Dismiss, Response in Opposition to Supplemental Motion to Dismiss,* Doc. Nos. 14, 17. Nonetheless, he contends that, because the appeal of his deportation remains pending, he remains "in custody" for purposes of federal habeas corpus proceedings. *See Petitioner's Response in Opposition to Motion to Dismiss*, Doc. No. 14. He also complains that the Respondent improperly refers to him as a woman in the *Motion to Dismiss*. Petitioner also contends that Respondent's counsel suffers a conflict of interest because he also represents the Department of Homeland Security in Petitioner's deportation case. None of these contentions have merit with respect to the issues presented in this case.

A federal habeas corpus petitioner must be "in custody" under the conviction or sentence under attack at the time he files his habeas corpus petition. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–491 (1989) (citing *Carafas v. La Valle,* 391 U.S. 234, 238 (1968); 28

U.S.C. § 2254(a). "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub,* 54 Fed.Appx. 188, 2002 WL 31828191, at *1 (6th Cir. Dec. 13, 2002)(citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not. *Maleng,* 488 U.S. at 492–93. "The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron,* 2002 WL 31828191, at *1 (citing *Maleng*, 490 U.S. at 492). Petitioner's immigration status constitutes a collateral consequence of his conviction that is insufficient to satisfy the "in-custody" requirement for federal habeas corpus proceedings, without which this Court lacks jurisdiction to consider Petitioner's 2254 petition. *Camera v. New York*, No. 11-cv-8235, 2012 WL 3242697, at *3 (S.D. N.Y. Aug. 9, 2012)("[I]mmigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254.")(quoting *Ogunwomogu v. United States,* 512 F.3d 69, 70 (2d Cir. 2008)). Thus, even if *Padilla* applied retroactively to cases on collateral review, which is does not, this Court cannot consider Petitioner's § 2254 petition because his sentence had fully expired prior to the date that he filed this action.

> [S]ee Dade v. Schneiderman, No. 12–CV–2092, 2012 WL 2675009, at *1 (E.D. N.Y. July 05, 2012) (noting that the Second Circuit has yet to weigh in on *Padilla'* s retroactivity), Petitioner's argument fails. That Petitioner is not in custody for his 1996 conviction strips this Court of jurisdiction to consider the merits of the Petition (and whether *Padilla* should be applied in this case). *See Guzman v. United States*, No. 11–CV–2433, 2011 WL 6097128, at *3–4 (S.D. N.Y. Dec. 7, 2011) (dismissing for lack of

3

> jurisdiction habeas petition alleging ineffective assistance of counsel, noting that "collateral immigration consequences of a petitioner's conviction are not sufficient to satisfy this jurisdictional requirement," and that "[e]ven if [petitioner] were incarcerated by immigration authorities or subject to deportation, his sentence would not be challengeable on this basis alone"); *see also Mainali v. Virginia*, No. 11–CV–1215, 2012 WL 2619132, at *2–3 (E.D. Va. June 25, 2012) (holding that *Padilla* did not alter the custody requirement, and that a petitioner is not in custody after completing his sentence merely because he faces deportation); *Vasquez v. Ryan*, No. 11–CV–2300, 2012 WL 959354, at *5–6 (E.D. Pa. Mar. 21, 2012) (same); *Fenton v. Ryan*, No. 11–CV–2303, 2011 WL 3515376, at *2 (E.D. Pa. Aug. 11, 2011) (same); *United States v. Krboyan*, No. 10–CV–2016, 2010 WL 5477692, at *6–7 (E.D. Cal. Dec. 30, 2010) (same); *Walker v. Holder,* No. 10–CV–10802, 2010 WL 2105884, at *1 (D. Mass. May 24, 2010) ("Here, [petitioner] represents that he completed his sentence and is in custody—not as a sentenced prisoner—but as an immigration detainee. Because he has completed his criminal sentence for the conviction which he seeks to challenge, [petitioner] is not 'in custody' for purposes of § 2254.").

*Camera v. New York*, 2012 WL 3242697, at *4; s*ee also Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992)(deportation proceedings constitute a collateral consequence of the conviction insufficient to satisfy in custody requirement for § 2255 proceedings)(citation omitted); *United States v. Montoya*, 891 F.2d 1273, 1293 (7th Cir. 1989); *United States v. Romero–Vilca*, 850 F.2d 177, 179 (3d Cir. 1988); *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir. 1976); *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir. 1975) (*per curiam*)); *see also Mainali v. Virginia*, 873 F.Supp.2d 748, 7511-52 (E.D. Va. June 25, 2012)(same)(citing *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004)(other citations omitted)).

In short, this Court lacks jurisdiction to consider the instant habeas corpus petition, as Petitioner fails to satisfy the in-custody requirement of 28 U.S.C. § 2254(a). Moreover, this action plainly is time-barred.

4

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss a*nd *Supplemental Motion to Dismiss*, Doc. Nos. 13, 16, be **GRANTED** and that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

> s/ *Elizabeth A. Preston Deavers*
> **Elizabeth A. Preston Deavers**
> **United States Magistrate Judge**