UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MUSA IKHARO,**

   **Petitioner,**      Case No. 2:12-cv-00489
               JUDGE GREGORY L. FROST
  v.             Magistrate Judge Elizabeth Preston Deavers

**MIKE DEWINE,**
**ATTORNEY GENERAL,**

   **Respondent.**

## OPINION AND ORDER

  In this action, Petitioner Musa Ikharo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 11, 2013, the Magistrate Judge issued a Report and Recommendation (ECF No. 23) recommending that Respondent Mark DeWine's Motion to Dismiss (ECF No. 13) and Supplemental Motion to Dismiss for Lack of Jurisdiction (ECF No. 16) be granted and that Ikharo's petition for a writ of habeas corpus be dismissed. Ikharo has filed objections to the Report and Recommendation (ECF No. 25) and a Supplementary Reminder or Judicial Notice (ECF No. 27), in which he also asks the Court to issue an order "mandating" that the trial court produce "certified trial court records" pertinent to his petition for a writ of habeas corpus.

  If a party objects within the allotted time to a Magistrate Judge's report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *See also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

1

636(b)(1).

For the following reasons this Court **OVERRULES** Petitioner's objections (ECF No. 25), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23), **GRANTS** Respondent's motion to dismiss and supplemental motion to dismiss (ECF Nos. 13 and 16), and **DISMISSES** this action. This Court also **DENIES** as moot Petitioner's "supplementary reminder or judicial notice" and motion to mandate the state court to produce "certified trial records." (ECF No. 27.)

**I.**

In her Report and Recommendation, the Magistrate Judge recommends that this action be dismissed as time barred by 28 U.S.C. §2244(d). (ECF No. 23 at Page ID #146-47.) The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

In an order addressing a prior report and recommendation in this case, this Court sustained Ikharo's objections to the statute of limitations pending the Supreme Court's decision in *Chaidez v. United States*, 133 S. Ct. 1103 (2013). (ECF No. 12.) Specifically, the Court found that if the Supreme Court's holding in *Padilla v. Kentucky*, 559 U.S. 356 (2010), applied retroactively to Petitioner's challenge to his plea negotiations and guilty plea, this action *could* be rendered timely. Since the Court's prior Order, however, the Supreme Court held in *Chaidez* that *Padilla* does not apply retroactively to cases on collateral review. *Chaidez*, 133 S. Ct. at 1113. Thus, *Padilla* does not apply to Ikharo. And because *Padilla* is not retroactive, the statute of limitations in this case is not governed by 28 U.S.C. §2244(d)(1)(C). Ikharo would have to qualify under either §2244(d)(1)(A),(B), or (D) for this petition to be timely.

Ikharo first argues that his petition is timely filed under §2244(d)(1)(A) because the Ohio Supreme Court did not render a final decision on his motion for delayed review until September 5, 2012, making that the date on which the one year period would begin. This argument is not well taken. The statute of limitations does not reset when a motion for delayed review is filed. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The filing might be able to toll the limitations period, but it cannot restart it. *Id.* In this case, however, the motion cannot act to toll the statute of limitations because the statute of limitations had already expired. Ikharo's conviction became final on October 25, 1996, when the time to file a timely appeal with the Ohio Supreme Court expired. The limitations period to file a petition for writ of habeas corpus ran out

3

one year after that date, which was over ten years before Ikharo filed his motion with the Ohio Supreme Court. Ikharo's petition is not timely filed under §2244(d)(1)(A).

Ikharo next argues that this Court should apply §2244(d)(1)(B) because he was deported by the Department of Homeland Security and therefore was prevented from timely filing by State action in violation of the Constitution or laws of the United States. Even if this Court were to assume that Ikharo would qualify for this provision based on his deportation, the statute of limitations would still bar this petition. Ikharo was not deported until October 18, 2010. (ECF No. 8 at Page ID # 88.) This means that no state impediment to filing would have existed at the time the statute of limitations expired in 1997. Ikharo's petition is not timely filed under §2244(d)(1)(B).

Ikharo does not advance any arguments for the application of §2244(d)(1)(D) and the Court finds this provision inapplicable to the facts of the instant case. Because Ikharo has not filed this petition within the applicable statute of limitations as provided in 28 U.S.C. §2244(d), this petition should be barred as untimely.

## II.

The Magistrate Judge further recommends that this Court grant DeWine's motion and supplemental motion to dismiss because Ikharo was no longer "in custody" at the time he filed this petition. (ECF No. 23 at Page ID # 147-50.) Ikharo objects on the basis that he has been and is in custody because he was deported as a consequence of his conviction.

This Court finds that Ikharo's objection is not well taken. As the Report and Recommendation states, Ikharo's immigration status is a collateral consequence of his conviction, but it is not sufficient to satisfy the "in custody" requirement. (*Id.*) Ikharo fully

4

served his sentence and was released from State custody prior to filing this petition. His subsequent deportation does not render him "in custody" for the purposes of a petition for a writ of habeas corpus under 28 U.S.C. §2254(a) and therefore this Court lacks jurisdiction to consider Ikharo's petition.

### III.

Ikharo's remaining objections do not speak to any of the grounds that form the basis of the Magistrate Judge's Report and Recommendation, and therefore this Court need not address them.

For the reasons stated herein, this Court **OVERRULES** Petitioner's objections (ECF No. 25), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23), **GRANTS** Respondent's motion and supplemental motion to dismiss for lack of subject matter jurisdiction (ECF Nos. 13 and 16), and **DISMISSES** this case for lack of jurisdiction. Because this Court lacks jurisdiction and must dismiss the case, Petitioner's "Supplementary Reminder or Judicial Notice" and motion to mandate the state court to provide "certified trial court records" (ECF No. 27) is **DENIED** as moot.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
      GREGORY L. FROST
      UNITED STATES DISTRICT JUDGE